UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTHONY TYNER | ) |
| | ) Civil Action Number: |
| Plaintiff | ) |
| | ) FLSA Action |
| v. | ) |
| | ) Jury Trial Demanded |
| MADISON COUNTY AUTO PARTS | ) |
| INC., a Georgia For-Profit Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Anthony Tyner (hereinafter "Plaintiff") by and through his undersigned counsel, and files this Complaint against Defendant Madison County Auto Parts, Inc. (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff, of his lawful overtime wages.

2. Plaintiff was employed by Defendant, primarily working as an counter-man, at Defendant's operation at 321 General Daniel Ave N., Danielsville, Madison County, Georgia 30633 (hereinafter "Defendant's Danielsville location").

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Comer, Madison County, Georgia and is a citizen of the United States. Plaintiff was employed by Defendant at Defendant's Danielsville location, from on or about September 24, 2010, until on or about January 27, 2012.

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendant.

9. Defendant is a corporation formed under the laws of the State of Georgia and owns and operates a company that sells automobile parts in the State of Georgia

10. Defendant conducts business within this State and District.

11. Defendant maintained either actual or constructive control, oversight and direction of Defendant's Danielsville location, including the employment and pay and other practices of that operation.

12. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Michael Todd Higdon, at 34 Samuel Court Danielsville, Madison County, Georgia 30633.

13. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

14. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

15. At all times relevant to this action, Plaintiff's primary duty was to sell auto parts to Defendant's customers.

16. At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which he was employed, nor of a customarily recognized department or subdivision thereof.

17. At all times relevant to this action, Plaintiff was not responsible for supervising or directing the work of any other employees.

18. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

19. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

20. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

21. At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

22. At all times relevant to this action, Defendant did not compensate Plaintiff for <u>all</u> time worked in excess of forty (40) hours per week at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

23. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff are in the possession of Defendant.

24. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiff.

25. Defendant failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

26. Defendant is liable to Plaintiff for compensation for any and <u>all</u> time worked in excess of 40 hours per week at the rate at which Plaintiff was legally

required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

27. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

29. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

30. Plaintiff demands a jury trial.

## COUNT I

31. Plaintiff repeats and incorporates by reference Paragraphs 1-30 herein. By their actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

32. Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

33. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

34. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

35. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 8th day of May, 2012.

                        MARTIN & MARTIN, LLP

                By:   /s/ Thomas F. Martin
                        Thomas F. Martin
                        tfmartin@martinandmartinlaw.com
                        Georgia Bar No. 482595
                        Kimberly N. Martin
                        kmartin@martinandmartinlaw.com
                        Georgia Bar No. 473410

                        MARTIN & MARTIN, LLP
                        Post Office Box 1070
                        Tucker, Georgia 30085-1070
                        (770) 344-7267/(770) 837–2678 Fax