## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereafter "Agreement"), effective July 5, 2012, by and between Anthony Tyner, (hereinafter "Mr. Tyner"), and Madison County Auto Parts, Inc. (hereinafter "Madison").

WHEREAS, Madison employed Mr. Tyner from September of 2010 to January 28, 2012; and

WHEREAS, Madison terminated Mr. Tyner's employment on January 28, 2012; and

WHEREAS, Mr. Tyner maintains that Madison owes Mr. Tyner for unpaid overtime hours under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and

WHEREAS, Madison denies any wrongdoing with respect to Mr. Tyner; and

WHEREAS, Mr. Tyner and Madison are parties to a lawsuit now pending in the United States District Court for the Middle District of Georgia, Athens Division, under Civil Action Number 3:12-CV-57-CDL (hereafter "the Lawsuit"), pertaining to Mr. Tyner's employment with Madison.

NOW THEREFORE, in consideration of the promises, the mutual covenants and agreements set forth herein, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.

Madison shall make payment to Mr. Tyner in the amount of $2,644.95, and Madison shall make payment to Martin & Martin, LLP in the amount of $2,198.30. These amounts represent all amounts that Mr. Tyner and his attorneys claim he is entitled to in the Lawsuit.

2.

Mr. Tyner hereby releases, remises, acquits, and discharges Madison, its owners, agents, and employees, of and from all claims of any kind and nature, both conditional and unconditional, known and unknown, disclosed and undisclosed, suspected or unsuspected, and whether or not liquidated, for any and all matters or actions existing or occurring at any time up to the date of this Agreement, that Mr. Tyner has or may have or be entitled to bring against Madison, its owners, agents, and employees, including, but not limited to, claims arising out of the aforesaid employment with Madison.  Mr. Tyner hereby waives and releases all relief, legal and equitable, that it may be able to seek from Madison, its owners, agents, and employees, including, without limitation, claims for compensatory damages, punitive damages, liquidated damages, interest, attorney's fees, expenses and costs.

3.

Madison hereby releases, remises, acquits, and discharges Mr. Tyner of and from all claims of any kind and nature, both conditional and unconditional, known and unknown, disclosed and undisclosed, suspected or unsuspected, and whether or not liquidated, for any and all matters or actions existing or occurring at any time up to the date of this Agreement, that Madison has or may have or be entitled to bring against Mr. Tyner, including, but not limited to, claims arising out of the aforesaid employment of Mr. Tyner.  Madison hereby waives and releases all relief, legal and equitable, that it may be able to seek from Mr. Tyner, including, without limitation, claims for compensatory damages, punitive damages, liquidated damages, interest, attorney's fees, expenses and costs.

4.

It is the parties' intention that the release herein be read as broadly as possible such that the parties shall have no obligations or liability of any sort or nature to one another, directly or indirectly, other than as specifically enumerated herein.

5.

The parties agree to keep the terms of this Agreement confidential and shall not provide access to or disclose any of its terms or provisions to any person other than their respective attorneys, accountants, or tax advisors.  Nothing herein, however, shall prohibit disclosure of this Agreement to a Court for enforcement purposes, or where otherwise required by law.  The parties shall not make any derogatory or disparaging remarks to any third party about the other parties or any other party's officers, directors, and employees except as may be required or requested in any interview for future employment.

6.

This Release is and shall be deemed jointly drafted and written by the parties hereto and shall not be construed or interpreted against the party originating or preparing it.

7.

No party hereto has made any promise or agreement to any other party not herein expressed in this Agreement, and in executing this Agreement, the parties are not relying upon any statement or representation made to them by any other or by anyone who has acted for a party or on its behalf.

8.

This release shall be binding upon and shall inure to the benefit of the parties hereto, their respective successors and assigns.

9.

The parties hereto understand fully that this is a final disposition of any disputes between the parties, both as to the legal liability for any such matters and as to the nature and extent of damages, if any, which either has sustained, and the parties hereto understand that liability is denied by Madison, and that this full and final settlement thereof shall never be treated as an admission of liability at any time or in any manner whatsoever. The parties hereto understand fully that this settlement is voluntary, mutual, final, and binding upon the parties hereto.

10.

The parties shall, upon signing this Agreement, execute and file or cause to be filed, a dismissal with prejudice of all claims under Federal Rule of Civil Procedure 41 in Civil Action Number 3:12-CV-57-CDL, now pending in the United States District Court for the Middle District of Georgia, Athens Division.

11.

This Agreement shall be governed by the laws of Georgia.

12.

This Agreement may be signed in counterparts with each counterpart copy being considered an original of the Settlement Agreement and Release. Each counterpart bearing a full complement of signatures shall be considered an original.

This Agreement is hereby executed by the parties on the date above written.

Mr. Anthony Tyner

_____

Madison County Auto Parts, Inc.

By:_____
      Michael Todd Higdon, CEO